F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 5 2009

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00323-BNB

NORMAN SHAW JR.,

     Applicant,

v.

BLAKE R. DAVIS, Warden,

     Respondent.

---

## ORDER OF DISMISSAL

---

Applicant Norman Shaw Jr. is a prisoner in the custody of the United States

Bureau of Prisons (BOP) and is incarcerated at the United States Penitentiary in

Florence, Colorado. Mr. Shaw has filed a *pro se* Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241. In an order entered on March 17, 2009, Magistrate

Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to

addressing the affirmative defense of exhaustion of administrative remedies if

Respondent intends to raise that defense in this action. On April 5, 2009, Respondent

filed a Preliminary Response. Mr. Shaw filed a Reply on April 14, 2009.

The Court must construe the Application and Reply liberally because Mr. Shaw is

a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as

a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Shaw is challenging the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay court-ordered restitution in his criminal case. Mr. Shaw asserts that the BOP is forcing him to pay his ordered restitution in both his current sentence that was imposed on July 17, 2006, and in a sentence imposed in a 1996, which expired in November 2003.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

The BOP administrative remedy procedure is available to Mr. Shaw. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional

director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Mr. Shaw concedes that he did not exhaust his administrative remedies prior to filing the instant action. He asserts that any further attempt to exhaust his administrative remedies would be an exercise in futility, because the IFRP has been in existence for many years and the outcome is always the same. If Mr. Shaw does not participate in the IFRP, he contends that (1) he is categorized as a "Financial Responsibility Program Refusal;" (2) he is allowed only $5.25 a month in maintenance pay; and (3) he is subject to disciplinary action.

Mr. Shaw is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Mr. Shaw fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Shaw asserts in his Reply that exhaustion of administrative remedies in this case is not warranted, because it would result in a violation of his due process rights. (Reply at 2.) In the Application, Mr. Shaw asserts that no administrative remedy is available to him for challenging the payment of restitution, and only the courts may address the fines. (Application at 2.) Mr. Shaw's assertions are vague and conclusory. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

3

According to the BOP records submitted by Respondent in support of the Preliminary Response, Mr. Shaw has filed forty-five administrative remedy requests during the time he has been incarcerated at the BOP. (Preliminary Resp. at Attach. # 2.) None of the requests address his required participation in the IFRP. (Preliminary Resp. at Attach. # 2.) Although Mr. Shaw disagrees that he has filed forty-five administrative remedy requests, he does not disagree that he has failed to submit a request challenging his required participation in the IFRP.

For the above stated reasons, the Court finds that Mr. Shaw fails to demonstrate that exhaustion of administrative remedies would be futile. Mr. Shaw may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell* , 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this _14_ day of _May_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00323-BNB

Norman Shaw Jr.
Reg No. 13155-006
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226-7000

Marcy E. Cook
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**


        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on $\underline{5/15/09}$


                                  GREGORY C. LANGHAM, CLERK


                        By: _____
                                        Deputy Clerk